IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**QUINTON REDDICK,**

    *Plaintiff*,

v.                                         Case No.: 4:24cv255-MW/MAF

**PAUL OSBORN, et al.,**

    *Defendants*.

_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART
<u>REPORT AND RECOMMENDATION</u>**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 20, and has also reviewed *de novo* Plaintiff's lengthy objections, ECF No. 30.

Plaintiff has alleged over twenty claims arising from his arrest and prosecution for child porn offenses and violating his probation. The Magistrate Judge has recommended that some of these claims should be dismissed and some should be stayed while Plaintiff's related criminal cases remain pending in state court. This Court will address the claims in turn.

To start, the Magistrate Judge recommends that Plaintiff's claims for intentional infliction of emotional distress, failure to supervise as alleged against Defendant Couch, negligent supervision as alleged against Defendant Couch, and the section 1983 claims for violation of his *Miranda* rights should be dismissed for

failure to state a claim. Plaintiff does not object to these recommendations. This Court also agrees that dismissal is appropriate. Accordingly, this Court adopts the report and recommendation with respect to Counts Twelve, Thirteen, and Fifteen.

The Magistrate Judge recommends dismissal for failure to state a claim for Plaintiff's false arrest, false imprisonment, and malicious prosecution claims. Plaintiff objects and seeks to add additional facts not alleged in the complaint to support his false arrest and false imprisonment claims. As for his malicious prosecution claims which have not yet accrued, Plaintiff argues that this Court should stay those claims until his state criminal proceedings have ended. Plaintiff's objections are without merit as to both groups of claims. First, Plaintiff may not add facts or amend his complaint by filing objections to the report and recommendation. Second, Plaintiff has cited no authority for the proposition that this Court can stay a claim that has not yet accrued. Accordingly, this Court adopts the report and recommendation with respect to Counts One, Two, and Three, and concludes that these claims are due to be dismissed.

The Magistrate Judge recommends dismissal of several claims for Fourth Amendment and related state law violations based on multiple search warrants, because these claims are barred by *Heck v. Humphrey*, 521 U.S. 477 (1994), and are otherwise based on conclusory allegations. Plaintiff objects, asserting new facts not alleged in the complaint and arguing in support of the merits of his claims. Plaintiff

also asks this Court to stay these claims while the appeal of his conviction in Alachua County remains pending. But Plaintiff has failed to demonstrate why these claims are not barred by *Heck*, nor can Plaintiff amend his conclusory allegations by supplying additional facts in his objections to the report and recommendation. In short, this Court agrees with the Magistrate Judge that Counts Ten, Eleven, Eighteen, Nineteen, Twenty, and Twenty-One are due to be dismissed.

The Magistrate Judge also recommends dismissal of Plaintiff's conspiracy claim, asserting it is barred by the intracorporate conspiracy doctrine. Plaintiff objects, asserting Officers Osborn and Rowland acted outside their legal authority when they conspired to violate his rights. Nonetheless, the Eleventh Circuit has already rejected Plaintiff's argument in holding that in applying the intracorporate conspiracy doctrine, "the question of whether a defendant acted within the scope of his employment is distinct from whether the defendant acted unconstitutionally." *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010). Plaintiff has failed to demonstrate that his conspiracy claim is not barred by the intracorporate conspiracy doctrine. Accordingly, this Court agrees with the Magistrate Judge that Count Seventeen is due to be dismissed.

As for Plaintiff's individual-capacity claims for unlawful entry, unlawful seizure, and failure to intervene—all involving Defendants Osborn's and Rowland's actions when they entered his house without consent prior to obtaining a search

warrant—the Magistrate Judge recommends that these claims may proceed, but they should be stayed while Plaintiff's state court criminal proceedings and appeals remain pending. Plaintiff only objects to the Magistrate Judge's characterization of the unlawful seizure claim as duplicative of the unlawful entry claim, but he does not object to staying these claims while his state court appeals are pending. This Court agrees with the Magistrate Judge and will allow these claims—Counts Seven, Eight, Nine, and Sixteen—to proceed subject to a stay while the state court criminal proceedings and appeals remain pending.

    Next, the Magistrate Judge recommends dismissal of several official-capacity claims brought against Tallahassee Police Chief Revell because Plaintiff failed to identify an official custom or policy that caused the alleged violations. These official-capacity claims include false arrest, false imprisonment, malicious prosecution, unlawful entry, unlawful seizure, and failure to train—Counts Four, Five, Six, Seven, Eight, and Fourteen, respectively. As to the false arrest, false imprisonment, and malicious prosecution claims, this Court agrees that these claims should be dismissed inasmuch as Plaintiff has not plausibly alleged that his initial arrest lacked probable cause and because his malicious prosecution claim has not yet accrued because his state court criminal proceedings are still pending. Likewise, this Court agrees with the Magistrate Judge that Plaintiff has failed to allege facts from which this Court may infer that Defendant Revell had an official policy or custom

4

of failing to train officers. Accordingly, Counts Four, Five, Six, and Fourteen are due to be dismissed.

As for the unlawful entry and unlawful seizure claims (premised on Defendant Osborn's and Rowland's entry into Plaintiff's home following his initial detention), this Court does not agree with the Magistrate Judge's recommendation that these claims fail to identify an official custom or policy to support *Monell* liability. Although the allegations in the complaint are largely conclusory, Plaintiff does allege that Defendant Osborn testified in both state court criminal proceedings that "he did enter plaintiff['s] home unlawfully." ECF No. 7 at 11. In the same paragraph, Plaintiff alleges that Defendant Osborn "contributes his actions on Nov. 10, 2020 to his training he received by [the] City of Tallahassee." *Id*. Moreover, Plaintiff alleges that "The City of Tallahassee Police Department, in response to plaintiff's citizens complaint against Inv. Osborn and Rowland, did state that both officers acted within the department's policy and procedure." *Id*. Liberally construed, Plaintiff plausibly alleges that the Tallahassee Police Department had an official policy of training officers to enter homes unlawfully, which caused the alleged violations of his Fourth Amendment rights. Accordingly, this Court rejects the report and recommendation with respect to the official capacity claims against Defendant Revell in Counts Seven and Eight. However, like the individual-capacity claims that are also allowed to

proceed, these claims will be stayed while Plaintiff's state court criminal proceedings remain pending.

Finally, the Magistrate Judge recommends that Plaintiff be permitted to pursue only nominal and punitive damages at this time because Plaintiff has failed to allege facts necessary to demonstrate entitlement to compensatory damages. Plaintiff objects to this recommendation, arguing only that the issue of damages should also be stayed until his state court criminal proceedings are resolved. But Plaintiff has not identified any factual allegations in the operative complaint that plausibly allege a claim for compensatory damages at this juncture. Accordingly, this Court agrees with the Magistrate Judge that this case may proceed only with respect to Plaintiff's claims for nominal and punitive damages.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 20, is **accepted in part** and **rejected in part**. Counts Seven and Eight and Sixteen may proceed against Defendants Osborn and Rowland in their individual capacities and Defendant Revell in his official capacity. Likewise, the related state-law claim for invasion of privacy—Count Nine—may proceed against Defendants Osborn and Rowland. However, these claims are **STAYED** pending resolution of Plaintiff's state criminal proceedings and related appeals in Leon County Case 2020-CF-3001 and Alachua

County Case 2017-CF-1079. The Clerk shall administratively **CLOSE** this case until Plaintiff's state criminal proceedings conclude. **On or before 30 days after such conclusion,** Plaintiff shall file a motion to lift the stay and re-open this case. Failure to timely comply with this deadline will result in dismissal of this action.

The balance of Plaintiff's claims against all Defendants, Counts One through Six, Ten through Fifteen, and Seventeen through Twenty-One, are **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED on January 23, 2025.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**